IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>REAL PROPERTY LOCATED AT 7199<br>GRANT ROAD, ARPIN, WOOD<br>COUNTY, WISCONSIN, WITH ALL<br>APPURTENANCES AND<br>IMPROVEMENTS THEREON,<br><br>　　　　　　　　　Defendant. | Case No.  05-C-0731-C |

ORDER FOR SALE OF THE DEFENDANT PROPERTY AND EVICTION

　　　　Based on the October 1, 2008, hearing in this matter, Allen Oleson is found to be in violation of the protective order entered on December 16, 2005.

It is hereby ORDERED:

　　　　1.　　　All right, title, and interest in the defendant property located at 7199 Grant Road, Arpin, Wood County, Wisconsin, is conveyed to the United States of America. The property is further described as:

> The N 1/2 of the NW FR 1/4 of Section 7, Township 23 North, Range 4 East, Town of Hansen, Wood County, Wisconsin,
>
> AND
>
> The NE 1/4 of the NE 1/4 of Section 12, Township 23 North, Range 3 East, Town of Wood, Wood County, Wisconsin.

Property Address: 7199 Grant Road, Arpin, Wood County, Wisconsin.

Parcel Identification Number: 08-00130 and 22-00207.

2. The defendant property is to be sold by the United States Marshals Service or its duly authorized representative.

3. Allen Oleson is to vacate the defendant property within 45 days from the date of this order. If Oleson vacates the property prior to this date, he is to notify the government through his attorney so arrangements can be made to secure the property. Oleson is not to remove any fixtures that are part of the property.

4. In 45 days from the date of this order, the United States Marshal Service shall seize and take custody of the defendant property and will maintain custody of it until the date of sale. The United States Marshal Service is authorized to change the locks on the defendant property and to perform any and all maintenance activities and repairs deemed necessary to prepare the defendant property for sale.

5. The proceeds from the sale of the defendant property shall be distributed as follows:

    A. First, to the extent authorized by law, the United States of America will pay, or cause to be paid, to claimant Bull's Eye Credit Union, the amount previously agreed upon in the Expedited Settlement Agreement between the Bull's Eye Credit Union and the United States as approved by this Court's order dated July 24, 2006.

    B. Second, the expenses of the United States Marshal Service, including but not limited to, appraisal fees, real estate broker commissions, real estate taxes, insurance, maintenance costs, and any other expenses of the sale are to be paid; and

2

      C.     Third, the remainder of the sale proceeds of the property shall be deposited into the United States Marshal Service Seized Assets Deposit Fund.

6.    The net proceeds realized from the sale of the defendant property shall represent a "substitute *res*" for the defendant property in this action and shall be held pending further order of the Court.

Dated this 2d day of October 2008.

*Barbara B. Crabb*
BARBARA B. CRABB
Chief United States District Judge

Order entered this 3r day of October 2008.

JOEL TURNER
CLERK OF COURT

By:_____
Acting Deputy Clerk

3